**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| **NETWORK-1 SECURITY SOLUTIONS, INC.,**<br><br>        **Plaintiff,**<br><br>**v.**<br><br>**ALCATEL-LUCENT USA INC., et al.,**<br><br>        **Defendants.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

`6:13cv078`
`SEVERED FROM`
**CASE NO. 6:11-CV-492-LED-JDL**

**JURY TRIAL REQUESTED**

## AMENDED ORDER

This Amended Order replaces the Court's previous Order dated 1/17/13 (Doc. No. 363).

Before the Court is Defendants' Axis Communications AB and Axis Communications, Inc.

("Axis") Motion to Dismiss, or Alternatively to Sever, for Misjoinder (Doc. No. 183). The

following Defendants have all joined in the Motion: Alcatel-Lucent Holdings Inc., Alcatel-

Lucent USA Inc. (Doc. No. 227), Allied Telesis, Inc. (Doc. No. 219), Avaya Inc. (Doc. No. 225),

Dell Inc. (Doc. No. 208), Hewlett-Packard Company (Doc. No. 205), Huawei Technologies Co.,

Ltd., Huawei Technologies USA Inc. (Doc. No. 184), Juniper Networks, Inc. (Doc. No. 224),

NEC Corporation, NEC Corporation of America (Doc. No. 189), Polycom, Inc. (Doc. No. 188),

Samsung Electronics America, Inc., Samsung Electronics Co., Ltd., Samsung

TeleCommunications America, LLC (Doc. No. 190), ShoreTel, Inc. (Doc. No. 226), Sony

Corporation, Sony Corporation of America, and Sony Electronics Inc. (Doc. No. 185). For the

reasons stated herein, these motions are **GRANTED-IN-PART** to the extent that they request

severance. Further, the severed actions are **CONSOLIDATED** with this action for pretrial

issues, except venue. This case shall serve as the lead case for the consolidated issues. The

1

individual cases will remain active for venue motions and trial. All motions, other than venue motions, shall be filed in the consolidated case.

## BACKGROUND

On September 15, 2011, one day before the AIA took effect, Plaintiff Network-1 Security Solutions Inc. ("Network-1") filed suit against twenty-six defendants alleging that certain of their products infringe US Patent No. 6,218,930 ("the '930 Patent").[1] *See* Docket No. 1. Of the twenty-six defendants, five have since been dismissed from the case.[2]

## APPLICABLE LAW

### Joinder

Defendants may be joined in an action if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." FED.R.CIV.P. 20(a)(2). In the patent-infringement context, claims against independent defendants may not be joined under Rule 20 "unless the facts underlying the claim of infringement asserted against each defendant share an aggregate of operative facts." *In re EMC Corporation*, 677 F.3d 1351, 1359 (Fed. Cir. 2012).[3] That the accused products or processes of the defendants are similar is not enough. *Id.* Other relevant factors in considering whether joinder is proper include: (1) the temporal proximity of alleged

---

[1] The original filing named the following defendants: AXIS Communications AB, AXIS Communications, Inc., Alcatel-Lucent Holdings Inc., Alcatel-Lucent USA Inc., Allied Telesis Holdings K.K., Allied Telesis, Inc., Avaya Inc., Dell Inc., Garrettcom, Inc., Hewlett-Packard Company, Hewlett-Packard Development Company, L.P., Huawei Technologies Co., Ltd., Huawei Technologies USA Inc., Juniper Networks, Inc., Motorola Solutions, Inc., NEC Corporation, NEC Corporation of America, Polycom, Inc., Samsung Electronics America, Inc., Samsung Electronics Co., Ltd., Samsung TeleCommunications America, LLC, Shoretel, Inc., Sony Corporation, Sony Corporation of America, Sony Electronics Inc., and Transition Networks, Inc.

[2] Allied Telesis Holdings, K.K., Garrettcom, Inc., Hewlett-Packard Development Co., L.P., Motorola Solutions, Inc., and Transition Networks Inc.

[3] The *In re EMC* court made clear that it was addressing the joinder requirements under Rule 20, not those codified by the AIA. *See In re EMC*, 677 F.3d at 1360 n.4. However, this Court finds that the *In re EMC* analysis of what constitutes a common transaction or occurrence for the purpose of Rule 20 is persuasive regarding interpretation of common transactions or occurrences under AIA as well.

infringement; (2) the relationship among defendants; (3) the use of common components in the accused products; (4) licensing or technology agreements between defendants; (5) shared development and manufacturing; and (6) whether the damages sought are based on lost profits. *Id.* at 1359–60. Misjoinder of a party is not a ground for dismissal of an action, but an improperly joined party may be dropped from the action or have the claims against them severed. Fed.R.Civ.P. 21.

### *Consolidation*

"If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). In applying Rule 42, a court has considerable discretion. *In re EMC*, 677 F.3d at 1360; *see also Luera v. M/V Albeta*, 635 F.3d 181, 194 (5th Cir. 2011) ("Rule 42(a) provides district courts with broad authority to consolidate actions that 'involve a common question of law or fact.'").

## ANALYSIS

Network-1 contends that under Rule 20, and the joinder standard articulated in *In re EMC Corp.*, the Defendants were properly joined because each Defendant in this case makes, uses, imports, sells or offers for sale products that distribute or use power transferred through Ethernet Cables ('Power over Ethernet' "POEs"), including Power Sourcing Equipment ("PSEs"), and Powered Devices ("PDs") that comply with the IEEE 802.3af and 802.3at Standards. Plaintiff's Response at 6 (Doc. No. 206). Network-1 further contends that its claims against all Defendants arise out of the same transaction or occurrence because Defendants use PoE chips that come from "overlapping third-party chip suppliers." *Id.* at 8.  Finally, Network-1 contends that Defendants' counterclaims for breach of contract arise out of the same transaction or

occurrence and therefore warrant permissive joinder. *Id.* at 9. Network-1, in large part, places its support for denying severance on this Court's previous denial of Cisco's Motion to Sever in *Network-1 v. Cisco, et al.*, 6:08-cv-30 (Doc. No. 472).

### *Joinder*

Under Rule 20, the added Defendants were not properly joined because the claims against each Defendant do not relate to "the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2)(A); 35 U.S.C. § 299(a)(1). Network-1's Original Complaint generally alleged infringement of the patent-in-suit against each of the Defendants, accusing each of making, using, selling or offering sell the claimed invention. *See* Docket No. 1, at ¶ 1. Network-1's accusations are the same for all Defendants. *Id*. It was not until Network-1 filed its Amended Complaint on May 23, 2012, that it accused Defendants of making, using, selling, or offering to sell, Power over Ethernet products, including certain products that are compliant with the 802.3af Standard. *See* Docket No. 148, at 9. At this time, Network-1 also identified whether each Defendant had products that were PSEs, PDs, or both. *Id.* Notably, not a single product Network-1 accuses is common among any two Defendants, let alone all Defendants. The only similarity Network-1 has provided among all the Defendants joined is that each Defendant makes, uses, or sells, PSEs or PDs that comply with the 802.3af Standard. However, Network-1 concedes that infringement relies only in part on that common Standard. Response at 4. Presently, it is too soon to tell to what extent Network-1's claims of infringement actually rely on this common Standard, other than Network-1's concession that only some claim elements would be met by this Standard.[4] On these grounds, the Court also finds Network-1's

---

[4] As these cases develop, it is possible that common facts and law will become evident among certain cases or classes of cases justifying a consolidated trial on certain issues among certain parties. However, such is not evident at this stage of these proceedings.

reliance on the *Cisco* litigation unpersuasive. That case occurred prior to *In re EMC Corp.* and the Court's denial of severance occurred after the Pretrial Conference.

Network-1's assertion that all Defendants use the same overlapping sourced components is also insufficient to establish that the allegations of infringement against each Defendant relate to a common transaction or occurrence for joinder purposes. The cited "overlapping" PoE Chips are made by four different manufacturers and include nearly a dozen different models. RESPONSE at 9.

Finally, Defendants' counterclaims for breach of contract against Network-1 are irrelevant to the Court's consideration of whether Network-1's claims against Defendants arise out of the same transaction or occurrence. *See* FED.R.CIV.P 20 (a)(2)(A) (Defendants may be joined in one action if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences.")

In sum, Network-1's allegations regarding products that comply with the 802.3af Standard are not sufficient to show that there is a common transaction or occurrence among the Defendants warranting joinder. Under Rule 20 and the joinder considerations articulated in *In re EMC Corp.*, the unrelated Defendants in this case were improperly joined and should be severed into their own cases. Accordingly, the Court **ORDERS** that claims against the Defendants be severed into separate causes of action as detailed below.

### *Consolidation*

This Court has limited resources and constantly strives to employ efficient and cost-saving case-management procedures for the benefit of the parties, counsel, and the Court. *See WordCheck Tech, LLC v. Alt-N Techs, Ltd.*, No. 6:10-cv-457 (E.D. Tex. July 20, 2011)

(permitting limited early discovery to facilitate early mediation discussion); *Parallel Networks, LLC v. Abercrombie & Fitch*, No. 6:10-cv-111 (E.D. Tex. Mar. 15, 2011) (employing an early *Markman* proceeding to efficiently resolve a multi-defendant case). In response to the AIA's joinder provision, plaintiffs now serially file multiple single-defendant (or defendant group) cases involving the same underlying patents. This presents administrative challenges for the Court and, left unchecked, wastes judicial resources by requiring common issues to be addressed individually for each case. For example, what was once a single motion to substitute parties (or join a plaintiff) becomes multiple motions. *See, e.g., Klausner Techs., Inc. v. The Broadvox Holding Co., LLC*, No. 6:11-cv-575 (E.D. Tex. June 6, 2012) (order granting motion to substitute plaintiff—over thirty similar motions were filed in related cases). The Court and the staff must then process each of these, including review of the underlying motions and docketing of individual orders addressing each motion. More substantive motions, particularly where the same arguments are used in each individual case, present even more difficulties. There, the Court must waste time digesting duplicate arguments to ensure that new arguments are not hidden among the plethora of common ones.

Federal Rule of Procedure 42 provides a mechanism for district courts to better conserve judicial resources via consolidation for certain common issues such as pretrial, *Markman*, or trial. The Federal Circuit has recently reiterated that district courts may consolidate matters that share a common question of law or fact. *See In re EMC*, 677 F.3d at 1360; *see also C.R. Bard, Inc. v. Med. Components, Inc.*, No. 2:12-cv-32-TS-EJF, slip op. at 2–3 (D. Utah July 25, 2012) (recognizing that the AIA does not affect a district court's ability to consolidate related patent cases for pretrial matters).

Thus, to permit efficient case management, the Court **ORDERS** these newly severed actions consolidated with the original filed case as to all issues, except venue, through pretrial only. Motions to transfer venue under 28 U.S.C. § 1404(a) will be considered only as to the Defendants in the severed case, not as to all Defendants in the pretrial consolidated case.

### Trial of Severed Cases

Closer to trial, the Court will solicit the advice of the remaining parties on how to best structure the trial of these cases. Will there be a separate trial as to each severed Defendant as to all issues? Do some Defendants wish to join together in a consolidated trial? Are there some issues that should be tried first as to some or all parties, such as invalidity or inequitable conduct? The Court looks to a number of factors in determining the proper trial plan for complex multiple party and multiple issue patent cases. While no single factor is dispositive, this Court has developed the following list of factors to be considered in balancing the equities to all parties involved:

1) number of defendants;
2) number of patents;
3) number of asserted claims;
4) complexity of the technology involved;
5) similarity of functionality of accused instrumentalities;
6) consistency of plaintiff's damages model against distinct defendants, *e.g.*, single expert report as to all defendants, how distinct is the theory of infringement and damages in the expert report as to individual defendants, etc.;
7) consistency of defendants' non-infringement, validity, and damages positions, as exemplified by, among other things, expert reports, *e.g.*, single or multiple experts on non-infringement, single or multiple experts on validity, single or multiple experts on damages, etc.;
8) collaboration by defendants, *e.g.* joint defense groups, one firm representing multiple defendants, etc.;
9) risk of inconsistent results on common issues of fact or law;
10) risk of jury confusion;
11) cost of multiple trials to the parties;
12) the Court's schedule and resources;
13) other individualized issues specific to a particular case.

*See CEATS, Inc. v. Continental Airlines, Inc.*, No. 6:10-cv-120 (E.D. Tex. Feb. 14, 2012). Only

after careful consideration of these factors, and the particular circumstances of the case, does the Court fashion a trial plan.[5] As always, the overall consideration is finding an equitable and fair trial plan for all parties—which inevitably requires compromise. Seldom does one side or the other get their ideal trial plan. Nevertheless, the Court attempts to be fair to all parties. Accordingly, all of these issues will be addressed at a later stage of case management when discovery is complete, the number of patents, claim terms and invalidity references has been narrowed, expert reports have been filed, and perhaps experts deposed.

## CONCLUSION

For these reasons, the Court **ORDERS** that all claims pertaining to the following Defendants or Defendant groups be severed into separate causes of action:

1. Alcatel-Lucent Holdings Inc., Alcatel-Lucent USA Inc.

2. Allied Telesis, Inc.

3. Avaya Inc.

4. Axis Communications AB and Axis Communications, Inc.

5. Dell Inc.

6. Hewlett-Packard Company

7. Huawei Technologies Co., Ltd., Huawei Technologies USA Inc.

8. Juniper Networks, Inc.

9. NEC Corporation, NEC Corporation of America

10. Polycom, Inc.

---

[5] The Court has fashioned various trial plans depending on the factors present in the case. *See, e.g.*, *Eolas Techs., Inc. v. Adobe Sys., Inc.*, No. 6:09-cv-446 (E.D. Tex. Jan. 20, 2012) (ordering a consolidated invalidity trial followed by three infringement and damages trials involving three defendant groups); *Fractus, S.A. v. Samsung Elecs. Co., Ltd.*, No. 6:09-cv-203 (E.D. Tex. May 6, 2011) (ordering a consolidated trial on all issues except willfulness); *Bedrock Computer Techs., LLC v. SoftLayer Techs., Inc.*, No. 6:09-cv-269 (E.D. Tex. Mar. 28, 2011) (ordering two trials for two defendant groups); *Intel Corp. v. Commonwealth Scientific & Indus. Research Org.*, No. 6:06-cv-551 (E.D. Tex. Dec. 23, 2008) (ordering a consolidated trial on infringement, invalidity and willfulness followed by individual trials on damages).

11. Samsung Electronics America, Inc., Samsung Electronics Co., Ltd., Samsung TeleCommunications America, LLC

12. ShoreTel, Inc.

13. Sony Corporation, Sony Corporation of America, and Sony Electronics Inc.

Network-1 shall pay the filling fee for these cases within ten days of this order issuing to avoid having the severed cause of action dismissed with prejudice. Further, the Court **ORDERS** that the above-severed cases are **CONSOLIDATED** for all pretrial issues (except venue) with the original filed action, Cause No. 6:11-cv-492, which is the lead case. All parties are instructed to file any future motions (except relating to venue) in the lead case. Individual severed cases remain active for venue determinations and trial. Accordingly, Defendants' motions are **GRANTED-IN-PART** to the extent that their cases are severed from the original filed action.

**So ORDERED and SIGNED this 17th day of January, 2013.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE