**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| NETWORK-1 SECURITY SOLUTIONS, INC., a Delaware corporation,<br><br>*Plaintiff*,<br><br>vs.<br><br>Alcatel-Lucent USA Inc., a Delaware corporation; Alcatel-Lucent Holdings Inc., a Delaware corporation; Allied Telesis Holdings K.K., a Japanese corporation; Allied Telesis, Inc., a Delaware corporation; Avaya Inc., a Delaware corporation; AXIS Communications AB, a Swedish corporation; AXIS Communications, Inc., a Massachusetts corporation; Dell Inc., a Delaware corporation; GarrettCom, Inc., a California corporation; Hewlett-Packard Company, a Delaware corporation; Hewlett-Packard Development Company, L.P., a Texas limited partnership; Huawei Technologies Co., Ltd., a People's Republic of China corporation;  Huawei Technologies USA Inc., a Texas corporation; Juniper Networks, Inc., a Delaware corporation; Motorola Solutions, Inc., a Delaware corporation; NEC Corporation, a Japanese corporation; NEC Corporation of America, a Delaware corporation; Polycom, Inc., a Delaware corporation; Samsung Electronics Co., Ltd., a South Korean corporation, Samsung Electronics America, Inc., a New York corporation; Samsung Telecommunications America, LLC, a Delaware limited liability company; ShoreTel, Inc., a Delaware corporation; Sony Corporation, a Japanese corporation, Sony Corporation of America, a New York corporation; Sony Electronics Inc., a Delaware corporation; Transition Networks, Inc., a Minnesota corporation;<br><br>*Defendants*. | `6:13cv78`<br>`SEVERED FROM`<br>CASE NO.  6:11cv492<br><br>**Complaint for Patent Infringement<br>(U.S. Patent Nos. 6,218,930).**<br><br>**JURY DEMANDED** |

1

## **COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Network-1 Security Solutions, Inc. ("Network-1") sues Defendants Alcatel-Lucent USA Inc., Alcatel-Lucent Holdings Inc., Allied Telesis Holdings K.K., Allied Telesis, Inc., Avaya Inc., AXIS Communications AB, AXIS Communications, Inc., Dell Inc., GarrettCom, Inc., Hewlett-Packard Company, Hewlett-Packard Development Company, L.P., Huawei Technologies Co., Ltd., Huawei Technologies USA Inc., Juniper Networks, Inc., Motorola Solutions, Inc., NEC Corporation, NEC Corporation of America, Polycom, Inc., Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America, LLC, ShoreTel, Inc., Sony Corporation, Sony Corporation of America, Sony Electronics Inc., and Transition Networks, Inc. (collectively, "Defendants") and, on information and belief, alleges as follows:

### **Introduction**

1. Plaintiff Network-1 owns the invention described and claimed in United States Patent No. 6,218,930 entitled "Apparatus And Method For Remotely Powering Access Equipment Over A 10/100 Switched Ethernet Network" (the "'930 Patent"). Defendants, without Plaintiff's permission, (a) have used and continued to use Plaintiff's patented technology in connection with products that they make, use, sell, and offer to sell which distribute or use power transferred through Ethernet cables, and (b) have contributed to or induced, and continue to contribute to or induce, others to infringe the '930 Patent. Plaintiff Network-1 seeks damages for patent infringements and an injunction preventing Defendants from making, using, selling, or offering to sell, and from contributing to and inducing others to make, use, sell, or offer to sell, Plaintiff's patented technology without permission.

### Jurisdiction and Venue

2. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271 and 281, *et seq*. The Court has original jurisdiction over this patent infringement action under 28 U.S.C. §§ 1331 and 1338(a).

3. Venue is proper in this Court because the Defendants are responsible for acts of infringement occurring in the Eastern District of Texas as alleged in this Complaint, and have delivered or caused to be delivered its infringing products in the Eastern District of Texas.

### Plaintiff Network-1

4. Plaintiff Network-1 Security Solutions, Inc. is a corporation existing under and by virtue of the laws of the State of Delaware, with its principal place of business in New York, New York.

### The Patent

5. The United States Patent and Trademark Office issued the '930 Patent on April 17, 2001. A copy of the '930 Patent is attached as Exhibit A. Through assignment, Plaintiff is the owner of all right, title, and interest, including rights for damages for past infringements, in the '930 Patent.

### Defendants

#### *Alcatel-Lucent*

6. Upon information and belief, Alcatel-Lucent USA Inc., is a Delaware corporation, with its principle place of business in Murray Hill, New Jersey.

7. Upon information and belief, Alcatel-Lucent Holdings Inc., is a Delaware corporation, with its principal place of business in Plano, Texas.

### *Allied Telesis*

8. Upon information and belief, Allied Telesis Holdings K.K. is a Japanese corporation, with its principal place of business in Tokyo, Japan.

9. Upon Information and belief, Allied Telesis, Inc. is a Delaware corporation, with its principal place of business in Bothell, Washington.

### *Avaya*

10. Upon information and belief, Avaya Inc. is a Delaware corporation, with its principal place of business in Basking Ridge, New Jersey.

### *AXIS*

11. Upon information and belief, AXIS Communications AB is a Swedish corporation, with its principal place of business in Lund, Sweden.

12. Upon information and belief, AXIS Communications, Inc. is a Massachusetts corporation, with its principal place of business in Chelmsford, Massachusetts.

### *Dell*

13. Upon information and belief, Dell Inc. is a Delaware corporation, with its principal place of business in Round Rock, Texas.

### *GarrettCom*

14. Upon information and belief, GarrettCom, Inc. is a California corporation, with its principal place of business in Fremont, California.

### *Hewlett-Packard*

15. Upon information and belief, Hewlett-Packard Company is a Delaware corporation, with its principal place of business in Palo Alto, California.

16. Upon information and belief, Hewlett-Packard Development Company, L.P. is a Texas limited partnership, with its principal place of business in Houston, Texas.

### *Huawei*

17. Upon information and belief, Huawei Technologies Co., Ltd. is a People's Republic of China corporation, with its principle place of business in Shenzhen, China.

18. Upon information and belief, Huawei Technologies USA Inc. is a Texas corporation, with its principle place of business in Plano, Texas.

### *Juniper Networks*

19. Upon information and belief, Juniper Networks, Inc. is a Delaware corporation, with its principal place of business in Sunnyvale, California 940899-1206.

### *Motorola*

20. Upon information and belief, Motorola Solutions, Inc. is a Delaware corporation, with its principal place of business in Schaumburg, Illinois.

### *NEC*

21. Upon information and belief, NEC Corporation is a Japanese corporation, with its principle place of business in Tokyo, Japan.

22. Upon information and belief, NEC Corporation of America is a Delaware corporation, with its principle palace of business in Irving, Texas.

### *Polycom*

23. Upon information and belief, Polycom, Inc. is a Delaware corporation, with its principal place of business in Pleasanton, California.

### *Samsung*

24. Upon information and belief, Samsung Electronics Co., Ltd. is a South Korean corporation, with its principal place of business in Seoul, South Korea.

25. Upon information and belief, Samsung Electronics America, Inc. is a New York corporation, with its principal place of business in Ridgefield Park, New Jersey.

26. Upon information and belief, Samsung Telecommunications America, LLC is a Delaware limited liability company, with its principal place of business in Richardson, Texas.

### *ShoreTel*

27. Upon information and belief, ShoreTel, Inc., is a Delaware corporation, with its principle place of business in Sunnyvale, California.

### *Sony*

28. Upon information and belief, Sony Corporation is a Japanese corporation, with its principal place of business in Tokyo, Japan.

29. Upon information and belief, Sony Corporation of America is a New York corporation, with its principal place of business in New York, New York.

30. Upon information and belief, Sony Electronics Inc. is a Delaware corporation, with its principal place of business in San Diego, California.

### *Transition Networks*

31. Upon information and belief, Transition Networks, Inc. is a Minnesota corporation, with its principal place of business in Minnetonka, Minnesota.

**First Claim for Patent Infringement ('930 Patent)**

**Against Defendants**

32. Plaintiff incorporates by reference each of the allegations in paragraphs 1 - 31 above.

33. On or about April 17, 2001, the '930 Patent, disclosing and claiming an "Apparatus And Method For Remotely Powering Access Equipment Over A 10/100 Switched Ethernet Network," was duly and legally issued by the United States Patent and Trademark Office. The '930 Patent is valid.

34. Plaintiff Network-1 is the owner of the '930 Patent with full rights to pursue recovery of royalties or damages for infringement of such patent, including full rights to recover past and future damages.

35. Defendants have infringed, contributed to the infringement, and induced others to infringe the '930 Patent and, unless enjoined, will continue to infringe the '930 Patent by manufacturing, using, selling, offering for sale, or by using the apparatus and method(s) claimed in the Patent or by contributing to or inducing others to make, use, sell, or offer to sell, the claimed invention or use the claimed apparatus and method(s) without a license or permission from Plaintiff.

36. Plaintiff has been damaged by Defendants' infringement of the '930 Patent and will suffer additional irreparable damage and impairment of the value of its patent rights unless Defendants are enjoined from continuing to infringe the '930 Patent.

37. Upon information and belief, Defendants' acts of infringement have been, and continue to be committed with full knowledge of Plaintiff's rights in the '930 Patent, and in willful and wanton disregard of Plaintiff's rights, rendering this an exceptional case under 35 U.S.C. § 285.

**Jury Demand**

38. Plaintiff demands trial by jury of all issues.

## **Prayer for Relief**

WHEREFORE, Plaintiff prays for judgment as follows:

A. A decree preliminarily and permanently enjoining Defendants, their officers, directors, employees, agents, and all persons in active concert with them, from infringing, and contributing to or inducing others to infringe, the '930 Patent;

B. Compensatory damages awarding Plaintiff damages caused by Defendants' infringement of the '930 Patent;

C. Enhancement of Plaintiff's damages by reason of the nature of Defendants' infringement pursuant to 35 U.S.C. § 284;

D. For costs of suit and attorneys fees;

E. For pre-judgment interest; and

F. For such other relief as justice requires.

Dated:  September 15, 2011                                      Respectfully submitted,


                    By:  /s/ Sean A. Luner
                         Sean A. Luner
                         State Bar No. 165443
                         Gregory S. Dovel
                         State Bar No. 135387
                         Dovel & Luner, LLP
                         201 Santa Monica Blvd., Suite 600
                         Santa Monica, CA 90401
                         Telephone:  310-656-7066
                         Facsimile:  310-657-7069
                         Email:  greg@dovellaw.com


                    ATTORNEYS FOR PLAINTIFF,
NETWORK-1 SECURITY SOLUTIONS, INC.